Filed 11/14/22  P. v. Aubrey CA1/3
## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>AARON AUBREY,<br><br>    Defendant and Appellant. | A165241<br><br>(Humboldt County<br>Case Nos. CR1903760,<br>CR1904050A) |

On August 3, 2019, R.C. reported to Eureka police that his wallet was forcefully taken from him.  On August 8, 2019, in case number CR1903760, the Humboldt County District Attorney filed a felony complaint charging Aaron Aubrey with robbery (Pen. Code, § 211)[1] and a prior prison term enhancement (former § 667.5, subd. (b)).

At the August 20, 2019 preliminary hearing, R.C. testified that Aubrey was not the man who robbed him, even though he had previously identified him with "99 percent" certainty in a photo lineup as the person who had taken his wallet.  R.C. also acknowledged that he had been seated next to Aubrey's girlfriend prior to the case being called.  The responding officer testified about R.C.'s statements to him regarding the incident and his

---

[1]    All further statutory references are to the Penal Code unless otherwise stated.

1

identification of Aubrey as the person who robbed him. The People rested, and the court recessed.

During the break, the prosecutor, a District Attorney investigator, the responding officer, and another individual on the prosecution team spoke with R.C. about his testimony in a meeting which was recorded and transcribed. R.C. disclosed that Aubrey's girlfriend had texted R.C. that if he did not want any problems, he would need to say it wasn't Aubrey who robbed him. They would return his money if he so testified.

Upon returning from the recess, the People successfully moved to reopen evidence and R.C. was recalled as a witness. R.C. identified Aubrey as the person who took his property. Asked why he was unable to make the identification earlier, he explained that he was scared, felt threatened, and did not want harm to come to him or his family. R.C. explained that Aubrey's girlfriend instructed him to not identify Aubrey if he didn't want any problems. R.C. assumed the message came from Aubrey.

Aubrey was held to answer on the robbery charge and duly arraigned on the information filed on August 28, 2019. He plead not guilty to the robbery charge and denied the prior prison term special allegation.

On August 23, 2019, in case number CR1904050A, the Humboldt County District Attorney filed a new felony complaint charging Aubrey and his girlfriend with attempting to dissuade a witness (§ 136.1, subd. (a)(2)) and a prior prison term enhancement (§ 667.5, subd. (b)). He plead not guilty to the charge and denied the special allegation as set forth in the information filed on October 30, 2019.

On March 24, 2021, Aubrey moved to dismiss CR1903760 on the basis of prosecutorial misconduct and due process violations. Aubrey alleged that during the recess at the preliminary hearing the prosecution intimidated R.C.

2

into changing his testimony by threatening him with perjury charges. He claimed R.C.'s testimony was coerced and deprived him of a fair trial. The People submitted written opposition to the motion. There is no transcript of any hearing or any trial court decision on the motion in the record. Aubrey's appellate counsel represents that the motion "was re-set and continued several times" until it was "eventually 'stayed' a year later" when he entered a plea, as discussed below.

On March 29, 2022, days before Aubrey's jury trial in CR1903760 and CR1904050A was scheduled to begin, Aubrey entered into a "global plea" reflecting a negotiated disposition with the prosecution as to the two cases and other pending matters. Aubrey agreed to plead guilty to robbery in CR1903760; witness intimidation in CR1904050A; being a prohibited person in possession of a firearm in violation of section 29800, subdivision (a)(1) in case number CR2103909A; and possession of a controlled substance in violation of Health and Safety Code section 11350 in case number 2103930. He agreed to serve a total of three years and eight months in state prison. Both prior prison term enhancements allegations under section 667.5, subdivision (b) in CR1903760 and CR1904050A were dismissed.

On April 21, 2022, the trial court sentenced Aubrey to three years and eight months in state prison pursuant to the negotiated disposition. The sentence consisted of the mid-term of three years for the robbery conviction and one-third the mid-term of two years, or eight months, for witness tampering to run consecutively. The court also imposed a concurrent sentence of the mid-term of three years for the felon in possession of firearm conviction. Aubrey was awarded 488 days of credit for 424 actual days served and an additional 64 days of section 2933.1 conduct credits. He was also ordered to pay restitution and certain assessments.

3

On May 9, 2022, Aubrey filed notices of appeal in CR1903760 and CR1904050A. In each notice, he checked the box on the Judicial Council form that his appeal was "challeng[ing] the validity of the plea or admission" and also wrote that "[d]enial of due process due to prosecutorial misconduct" was another basis for the appeal. In the accompanying requests for certificates of probable cause, Aubrey noted: "Defendant's motion to dismiss due to prosecutorial misconduct, witness coercion was denied. The denial should be reviewed by an appellate court."

On June 23, 2022, Aubrey filed a notice of appeal in CR2103909A, checking the box on the Judicial Council form that his appeal "challenges the validity of the plea or admission." In the accompanying request for certificate of probable cause, Aubrey stated: "Change of plea was based in part on global offer including cases CR1903760 and CR1904050A. The validity of the plea on those two cases was appealed; this appeal is to put all three cases together."

For CR1903760 (the robbery case) and CR1904050A (the witness intimidation case), appellate counsel has filed a brief asking us to independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, to determine whether there are any arguable issues on appeal.[2] Appellate counsel has averred that Aubrey was advised of his right to file a supplemental brief, but he has not filed such a brief. Having independently reviewed the record, we conclude there are no issues that require further briefing and affirm the judgment.

## DISPOSITION

The judgment is affirmed.

---

[2] Appellate counsel raises no contentions on appeal with respect to CR2103909A (the felon in possession case).

4

_____
Petrou, J.

WE CONCUR:


_____
Tucher, P.J.


_____
Fujisaki, J.

A165241/*People v. Aubrey*

5